ORIGINAL

FILED
NOV 15 2007
U.S. COURT OF FEDERAL CLAIMS

UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | | |
|---|---|---|
| BURNS AND ROE SERVICES CORPORATION<br>Plaintiff | § | 07-802 C |
| VERSUS | § | |
| UNITED STATES OF AMERICA<br>Defendant | § | |

**ORIGINAL VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION**

Plaintiff Burns and Roe Services Corporation files its Original Complaint for Declaratory Judgment and Application for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction and states as follows:

## I.

## PARTIES

1. Plaintiff Burns and Roe Services Corporation ("BRSC") is a New Jersey corporation with its principal place of business in Virginia Beach, Virginia.

2. Defendant is the United States of America, which may be served pursuant to RCFC 4.

## II.

## JURISDICTION

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1491, because Plaintiff is an interested party objecting to a federal agency's violation of a statute or regulation in connection with a procurement. This Court may review the agency's conduct under 5 U.S.C. § 706 and

determine whether it is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.

## III.

## FACTUAL BACKGROUND

4. This complaint involves a procurement by the Bureau of Reclamation, Yuma Area Office, which is part of the Department of the Interior ("the Agency"). The procurement involves solicitation number 06SP340020 ("the Solicitation").

5. The Solicitation, issued February 9, 2007, seeks a contract for the operations and maintenance of the Yuma Desalting Plant (YDP), Water Quality Improvement Research Facility (WQIC), and Yuma Area Office Analytical Laboratory Services (ALS) and associated facilities (collectively, "the YDP facility"). The awardee of this contract will be responsible for providing all contract management, planning, supervision, administration, personnel, operations, engineering support, and labor necessary to perform all aspects of the operations and maintenance of YDP, WQIC, and ALS. The Solicitation establishes a structure as a negotiated procurement pursuant to FAR Part 15.

6. BRSC is the incumbent contractor for operations and maintenance services at the YDP facility and has been in place providing those services for approximately twenty-two years.

7. In response to the Solicitation, BRSC submitted a proposal on April 10, 2007, to continue providing those services. BRSC based its proposal on the assumption that the majority of its skilled and experienced personnel at the YDP site would remain in place and employed by BRSC.

8. The Agency notified BRSC by letter dated October 2, 2007, that the contract had been awarded to another offeror, CH2M Hill Inc., in the amount of $4,552,025 on September 29, 2007. Exhibit A (October 2, 2007, letter).

9. On October 4, 2007, BRSC timely requested a debrief. Exhibit B (October 4, 2007, letter requesting debrief). Pursuant to FAR 15.506, the agency was required to provide the debriefing.

10. The contracting officer chose, pursuant to FAR 15.506 (b), to conduct the required debriefing by letter and notified BRSC of such on October 10, 2007. She requested BRSC to provide a list of specific questions to be answered by "COB October 12, 2007." Exhibit C (email from contracting officer).

11. BRSC complied with that request and timely submitted its list of questions on October 12, 2007.

12. The contracting officer has advised BRSC of an expected date by which the debriefing letter would be provided on at least three occasions. On October 24th, the contracting officer advised that she hoped to send the letter by October 26th. On October 26th, she advised that she did not expect the letter would be sent before October 30th, and then on that day, she advised she estimated the letter would be sent within two or three days. But, on November 2nd, she advised she did not know when the debriefing letter would be sent.

13. On November 9, 2007, counsel for BRSC sent the contracting officer a letter expressing concern over the delay in the debriefing and advising of the resulting harm to BRSC. Exhibit D (November 9, 2007, letter from Gerard Wimberly).

14. BRSC has received no response to its November 9, 2007, letter.

15. It has now been more than a month since BRSC timely submitted its list of questions for the debriefing and is approaching two months since BRSC first requested a debriefing.

16. BRSC's current contract at the YDP facility ends on November 30, 2007.

17. CH2M Hill is preparing to perform the contract that has been awarded under the Solicitation.

18. CH2M Hill has offered employment to 44 of BRSC's 52 employees at the YDP facility. This employment is to begin December 1, 2007, when CH2M Hill will presumably begin to perform unless the award is found to be deficient.

19. As of November 13, 2007, 43 of those BRSC employees had accepted the offers of employment received from CH2M Hill. BRSC's employees who were not offered employment by CH2M Hill or who did not accept that employment likely will seek, or are already seeking, other employment.

20. Accordingly, BRSC is very likely losing critical operational resources, including the key personnel upon whom it based its proposal, with every passing day.

21. The Agency's failure to debrief is tantamount to a refusal to debrief, in violation of FAR 15.506, which requires a debriefing.

22. The Agency's violation has several effects: (1) it prevents BRSC from having sufficient information to evaluate whether it has grounds upon which to base a protest of the award; (2) in light of 4 C.F.R. § 21.2(a)(2), it prevents BRSC from filing a protest to the GAO; (3) it diminishes the effectiveness of the automatic stay available under 31 U.S.C. § 3553(d)(3)(A),

(4)(B), and 48 C.F.R. § 33.104(c)(1); (4) it may create a basis upon which the Agency could challenge an automatic stay; and (5) it threatens BRSC's ability to perform the contract if it were successful in challenging the award through a protest.

## IV.

## REQUEST FOR DECLARATORY JUDGMENT

23. BRSC seeks a judgment from this Court pursuant to RCFC 57 declaring the rights and legal relations of the parties as follows:

a. The Agency is violating FAR 15.506 by not providing a debriefing.

b. The Agency's conduct is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.

c. The delayed initiation of an otherwise timely-filed GAO protest by BRSC resulting from the Agency's violation of FAR 15.506 and failure to debrief BRSC is not grounds to override the automatic stay available under 31 U.S.C. § 3553(d)(3)(A), (4)(B), and 48 C.F.R. § 33.104(c)(1).

## V.

## APPLICATION FOR INJUNCTIVE RELIEF

24. BRSC realleges and incorporates by reference all previous paragraphs and attached evidence and verification.

25. BRSC seeks injunctive relief pursuant to RCFC 65.

26. If the Agency's continued violation of FAR 15.506 is not enjoined, BRSC will suffer irreparable injury, as set forth in paragraphs 18-20 above.

27. BRSC has a reasonable likelihood of success on the merits of its claim. It is undisputable that FAR 15.506 requires a debriefing. It is undisputable that no debriefing has occurred, despite the passage of nearly two months since its request.

28. The Agency's continued violation of FAR 15.506 by failing to provide a debriefing will cause BRSC to suffer harm that will outweigh the harm to the Government and third parties. The very existence of this regulation and the availability of an automatic stay demonstrate that this balancing favors BRSC. BRSC may continue to lose resources that diminish the effectiveness of any stay of performance of the contract awarded under the Solicitation. BRSC, as the incumbent contractor at the YDP facility, is in a position to continue to provide the services required in the procurement while waiting for the debriefing and the outcome of the potential GAO protest.

29. Granting injunctive relief serves the public interest, which is embodied in the very statutory and regulatory provisions implicated by this Complaint.

30. Therefore BRSC seeks a temporary restraining order

a. suspending performance of the contract awarded under the Solicitation until a preliminary injunction hearing can be held;

b. Concluding the Agency's failure to provide a debriefing violates FAR 15.506; and

c. Mandating that the Agency provide the requested debriefing by letter delivered to BRSC within forty-eight hours of the date of the temporary restraining order.

31. After a hearing, BRSC requests a preliminary and permanent injunction as follows:

a. Maintaining the suspension of performance of the contract awarded under the Solicitation until the sixth day following the debriefing, to permit BRSC, if it chooses to file a GAO protest, to have the advantage of the automatic stay under 31 U.S.C. § 3553(d)(3)(A), (4)(B), and 48 C.F.R. § 33.104(c)(1).

b. Concluding the Agency's failure to provide a debriefing violates FAR 15.506; and

c. Mandating that the Agency provide the requested debriefing by letter delivered to BRSC within forty-eight hours of the date of the injunction.

32. The issuance of a temporary restraining order without notice to the Agency is necessary because BRSC will suffer immediate and irreparable injury if a temporary restraining order is not granted before the Agency can be heard and there are no less drastic means of protecting BRSC's interests.[1] BRSC's counsel certifies below the efforts made to give notice to the Agency, through the Contracting Officer, however notice should not be required because (1) the Agency has already engaged in unexplained delays so out of the ordinary as to suggest gamesmanship and intent; (2) the time required for notice to, and the setting of, a hearing for an injunction would result in the Agency continuing to disregard its legal obligation to provide a debriefing; and (3) in the time that elapses, BRSC may continue to lose resources that diminish the effectiveness of any stay of performance of the contract awarded under the Solicitation. BRSC, as the incumbent contractor at the YDP facility, is in a position to continue to provide the services required in the procurement while waiting for a hearing on the request for preliminary injunction, the debriefing and the potential GAO protest. Therefore, an *ex parte* temporary

[1] BRSC stands ready to provide security in whatever reasonable amount the Court deems appropriate pursuant to RCFC 65(c), but suggests that security should not be required here, especially in light of the blackletter violation of the FAR.

restraining order is necessary to avoid irreparable harm to BRSC and will maintain the *status quo* without significant harm to the Agency or the public.

Respectfully submitted,

Gerard E. Wimberly, Jr. by DTP

Gerard E. Wimberly, Jr.
McGlinchey Stafford, PLLC
643 Magazine Street
New Orleans, Louisiana 70130
Telephone: 504-586-1200
Facsimile: 504-596-2800

ATTORNEY-IN-CHARGE FOR PLAINTIFF,
BURNS AND ROE SERVICES CORPORATION

OF COUNSEL:

MCGLINCHEY STAFFORD, PLLC

Daniel T. Plunkett
Louisiana Bar No. 21822
643 Magazine Street
New Orleans, Louisiana 70130
Telephone: 504-586-1200
Facsimile: 504-596-2800

Stephanie G. John
Texas Bar No. 24034506
Federal I.D. 30000
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: 713-520-1900
Facsimile: 713-520-1025

**Certificate of Notice**

Pursuant to RCFC Appendix C.V.10, I certify that on November 15, 2007, the foregoing documents were transmitted by facsimile to the United States Department of Justice, Commercial Division, attn. Mark Melnick (202-307-0972), and to the awardee CH2M Hill (703-376-5010 and 303-740-7061).

Gerard E. Wimberly, Jr.

## VERIFICATION

State of Arizona

County of Yuma

Pursuant to 28 U.S.C. §1746, the undersigned, Brent E. Corbett, declares under penalty of perjury that the statements, facts and/or other matters set forth in the attached pleading, at paragraphs 1 and 4-20, are within my personal knowledge as Contract Manager for Burns and Roe Services Corporation and are true and correct.

This 14th day of November, 2007.

Brent E. Corbett

1

# United States Department of the Interior

BUREAU OF RECLAMATION
Yuma Area Office
7301 Calle Agua Salada
Yuma, Arizona 85364

TAKE PRIDE® IN AMERICA

IN REPLY REFER TO:
YAO-3100
PRJ.8.10

OCT 02 2007

Mr. David D. Pruett
Burns & Roe Services Corporation
2809 S. Lynnhaven Road, Suite 100
Virginia Beach, VA 23452-6700

Subject: Notice to Unsuccessful Offerors--Solicitation No.06SP340020 – Operation and Maintenance of the Yuma Desalting Plant, WQIC Research Facility and Analytical Laboratory Services, Yuma Area Office, Yuma, AZ

Dear Mr. Pruett:

The purpose of this letter is to inform you of the award decision on the above-mentioned solicitation and to provide you with additional information related to this acquisition.

There were no firms who requested copies of the solicitation since the solicitation was available electronically, but two proposals were received. A contract was awarded to CH2M Hill Inc in the amount of $4,552,025 on September 29, 2007.

The reason your proposal was not selected for contract award was based on the Government's determination that your proposal did not offer the best value to the Government in accordance with the evaluation factors as stated in the solicitation.

We want to thank you for your response to our solicitation. Your proposal was obviously the product of considerable effort and we appreciate the interest you have demonstrated in Bureau of Reclamation's acquisition program.

You may contact the undersigned at 928-343-8138 or Ms. Virginia Toledo at 928-343-8135 concerning this matter.

Sincerely,

Suzanne K. McGregor
Contracting Officer

EXHIBIT A

Burns and Roe

Burns and Roe Services Corporation
[illegible] South Lynnhaven Road, Suite [illegible]
Virginia Beach, Virginia 23452
Telephone (757) 340-1107 · Fax (757) [illegible]

October 4, 2007

BUREAU OF RECLAMATION
Attn: Suzanne K. McGregor
Yuma Area Office
7301 Calle Agua Salada
Yuma, Arizona 85364

SUBJECT: Solicitation No. 06SP340020 – Operation and Maintenance of the Yuma Desalting Plant, WQIC Research Facility and Analytical Laboratory Services, Yuma Area Office, Yuma, AZ, Request for Debrief

Dear Ms. McGregor,

By Bureau of Reclamation letter dated October 2, 2007 (YAO-3100), Burns and Roe Services Corporation (BRSC) received official notification regarding the award of the above referenced contract to CH2M Hill, Inc.

Pursuant to FAR 15.506, Post-award Debriefing of Offerors, we request an oral debrief and explanation of the basis for your selection and contract award decision. We request the debrief address, as a minimum, all topics under FAR 15.506(d), including the Level of Performance awarded. During this debrief we would also like to discuss how source selection procedures and other regulations and authorities were followed. Please advise me at your earliest convenience of the date, time, and location of the debrief. We intend to have at least one representative physically present, with others, including legal counsel, attending by conference call.

Should you have any questions regarding this matter, please do not hesitate to contact me at telephone number (757) 340-1107, ext 207, or by e-mail at dpruett@roe.com.

Sincerely,

David D. Pruett
Sr. Vice President
Burns and Roe Services Corporation

EXHIBIT
B

-----Original Message-----
From: Virginia Toledo [mailto:VTOLEDO@lc.usbr.gov]
Sent: Wednesday, October 10, 2007 11:55 AM
To: Brent Corbett; Bernie W. Kraai
Cc: Suzanne McGregor; Dave Pruett
Subject: Debriefing Request

Brent/Bernie,

In accordance with FAR 15.506 (b), the contracting officer has elected to provide your requested debriefing by letter. In order to address you concerns, please provide specific questions that you want to be addressed in the debriefing letter. Request the questions be provided to this office by COB October 12, 2007.

Sincerely,

Suzanne McGregor
Contracting Officer
Supv Contract Specialist
USBR - Yuma Area Office
Acquisitions Team - YAO-3100
928-343-8138
928-343-8568 fax
EMail - smcgregor@lc.usbr.gov



EXHIBIT C

McGLINCHEY STAFFORD PLLC ATTORNEYS AT LAW
GERARD E. WIMBERLY, JR.
(504) 596-2857
Fax: (504) 596-2800
gwimberly@mcglinchey.com
LOUISIANA MISSISSIPPI NEW YORK OHIO TEXAS

November 9, 2007

**VIA FACSIMILE (928-343-8320) and**
**E-MAIL: (SMCGREGOR@LC.USBR.GOV )**

Suzanne McGregor
Contracting Officer
U.S. Bureau of Reclamation, Yuma Area Office
7301 Calle Agua Salada
Yuma, AZ 85364

RE: Solicitation Number 06SP340020; Award letter dated October 2, 2007; Debrief requested by Burns and Roe Services Corporation

Dear Ms. McGregor:

McGlinchey Stafford PLLC has been engaged to represent Burns and Roe Services Corporation ("BRSC") in connection with the award of a contract on or about October 2, 2007, pursuant to the referenced solicitation. We are writing to follow up on BRSC's October 4, 2007, request for a debriefing pursuant to FAR 15.506.

You notified BRSC by letter dated October 2, 2007, that the contract arising from the above-referenced solicitation had been awarded to another offeror on September 29, 2007. BRSC timely requested a debrief on October 4, 2007. You chose, pursuant to FAR 15.506 (b), to conduct the required debriefing by letter and requested BRSC to provide a list of specific questions by "COB October 12, 2007." BRSC complied with your request and submitted its list of questions on October 12, 2007. To date, you have not provided your debriefing letter, although it has now been more than a month since the debrief was requested.

We do not know the cause of this prolonged delay in giving BRSC its debriefing, which, as you know, is required by law in these circumstances. Your continuing failure to provide this required debriefing, in the manner chosen by you (by letter), could be causing irreparable harm. Among other things, BRCS is concerned that this extraordinary delay could potentially obstruct its right to file a timely protest of the award.

EXHIBIT D

724276.2

BRSC is at risk of losing critical operational resources, including key personnel, with every passing day. As a result, BRSC is considering filing for an injunction or taking some other available legal option to stop the harm. We certainly hope this letter serves to emphasize our serious concerns and leads to a prompt release of the long-promised debriefing letter.

Very truly yours,

**McGlinchey Stafford, PLLC**

Gerard E. Wimberly, Jr.