ORIGINAL

UNITED STATES COURT OF FEDERAL CLAIMS

FILED
NOV 15 2007
U.S. COURT OF FEDERAL CLAIMS

BID PROTEST

| | | |
|---|---|---|
| BURNS AND ROE SERVICES CORPORATION<br>Plaintiff | § | |
| VERSUS | § | 07-802 C |
| UNITED STATES OF AMERICA<br>Defendant | § | |

# MEMORANDUM IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

Plaintiff Burns and Roe Services Corporation ("BRSC") files this Memorandum in Support of Its Application for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction.

## I. FACTS

As set forth in BRSC's Verified Complaint and Application for Temporary Restraining Order and Preliminary and Permanent Injunction, BRSC's request for injunctive relief is based on a series of communications—and non-communications—between BRSC and the Agency since the beginning of October, 2007:

| DATE | EVENT |
|---|---|
| October 2, 2007 | Agency notified BRSC that BRSC's proposal was not selected |
| October 4, 2007 | BRSC timely requested a debrief |
| October 10, 2007 | Agency advises debriefing to be by letter and requests questions by October 12, 2007 |
| October 12, 2007 | BRSC submits questions for letter |

| | |
|---|---|
| | debriefing as requested by the Agency |
| October 24, 2007 | Contracting officer advised that she hoped to send the debrief letter by October 26th |
| October 26, 2007 | Contracting officer advised that she did not expect the letter would be sent before October 30th |
| October 30, 2007 | Contracting officer advised she estimated the letter would be sent within two or three days. |
| November 2, 2007 | Contracting officer advised she does not know when debriefing letter will be sent. |
| November 9, 2007 | Counsel for BRSC sent the contracting officer a letter expressing concern over the delay in the debriefing and advising of the resulting harm to BRSC. |

## II. ARGUMENT

### A. The Violation

FAR 15.506 states, in relevant part: "(a)(1) An offeror . . . shall be debriefed and furnished the basis for the selection decision and contract award. (2) To the maximum extent practicable, the debriefing should occur within 5 days after receipt of the written request." More than forty-one days have passed since BRSC requested a debriefing, and more than thirty days have passed since BRSC submitted its written questions. This is an unreasonably lengthy delay which is arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with the law. The Agency's irregular conduct in refusing to debrief BRSC as to the reason for its non-selection violates FAR 15.506. This Court should enjoin the Agency from continuing to violate FAR 15.506 and should take steps to minimize the harm resulting from the violation.

## B. The Harm Resulting from the Violation

The Agency's violation has several obvious effects. First, it prevents BRSC from having sufficient information to evaluate whether it has grounds upon which to base a protest of the award. Second, in light of 4 C.F.R. § 21.2(a)(2), it prevents BRSC from filing a protest to the GAO. Third, it diminishes the effectiveness of the automatic stay available under 31 U.S.C. § 3553(d)(3)(A), (4)(B), and 48 C.F.R. § 33.104(c)(1). Fourth, it may cause the Agency to believe it has reasons to challenge an automatic stay. Fifth, it threatens BRSC's ability to perform the contract if it were successful in challenging the award through a protest.

The most imminent and irreparable of these harms at this time are the third and fifth items mentioned above. The automatic stay of performance of the contract awarded under the solicitation would preserve the *status quo* pending a protest. However, with each passing day, the *status quo* becomes bleaker for BRSC. The delay in the debriefing, which in turn delays the potential initiation of a protest and an automatic stay, is in turn causing the loss of BRSC resources upon which BRSC based its proposal.

This Court is empowered to grant a temporary restraining order and preliminary injunction under these circumstances, because BRSC has shown: 1) that it will suffer irreparable injury if the action is not enjoined; 2) a reasonable likelihood of success on the merits of its claim; 3) that the harm suffered by it, if the action is not enjoined, will outweigh the harm to the Government and third parties; and 4) that granting injunctive relief serves the public interest. *University Research Co. v. United States*, 65 Fed. Cl. 500, 504 (2005).

### 1. If the Agency's continued violation of FAR 15.506 is not enjoined, BRSC will suffer irreparable injury

As set forth in BRSC's verified Complaint, as of November 13, 2007, forty-three of BRSC's employees currently working at the YDP facility have accepted jobs with CH2M Hill,

Inc. The remaining nine BRSC employees who have not been offerred or have not yet accepted employment with CH2M Hill are at risk of taking jobs elsewhere in light of BRSC's non-selection on the Solicitation. BRSC's proposal was based on the assumption that the majority of these skilled and experienced employees would remain in place and continue their BRSC employment under a new contract, as they had been doing under the current contract. This Court has previously recognized that an incumbent contractor's loss of staff supports a finding of irreparable injury. *University Research Co.*, 65 Fed. Cl. at 514.

Moreover, this Court has also recognized that the lost opportunity to compete constitutes irreparable harm. *Reilly's Wholesale Produce v. United States*, 73 Fed. Cl. 705, 717 (2006). In *Reilly's*, the court acknowledged that the automatic stay's existence is premised on the idea that the competitive disadvantage resulting from an agency's failure to stay performance of a contract under protest cannot be remedied. *Id.* Irreparable injury can also be established by denial of the right to the automatic stay. *ES-KO v. United States*, 44 Fed. Cl. 429, 435 (1999). Here, the Agency's failure to issue a debrief letter effectively prevents BRSC from having the opportunity for an automatic stay. This puts BRSC at a competitive disadvantage and may cause BRSC to lose an important business opportunity. For all these reasons, BRSC will suffer irreparable injury if the relief requested is not granted.

2. <u>BRSC has a reasonable likelihood of success on the merits of its claim.</u>

It is undisputable that FAR 15.506 requires a debriefing. It is undisputable that no debriefing has occurred, despite the passage of more than forty-one days since its request. The Agency has offered no justification for its refusal to provide the mandatory debriefing. This delay is arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with the law, and thus within this Court's authority to review under 5 U.S.C. § 706. Therefore, BRSC's

challenge of the Agency's arbitrary and capricious failure to comply with FAR 15.506 is reasonably likely to succeed on the merits.

3. The Agency's continued violation of FAR 15.506 by failing to provide a debriefing will cause BRSC to suffer harm that will outweigh the harm to the Government and third parties.

The balancing of the harms favors BRSC. If the Agency continues to withhold the debriefing letter, neither the Government nor the awardee is harmed, but BRSC will suffer irreparable harm. On the other hand, if the requested injunctive relief is granted, staying performance of the contract pending the debriefing and passage of the period required for obtaining an automatic stay, the Government is not harmed. Any harm the Government might articulate would be entirely of its own making as a result of the unreasonable debriefing delay. This fact favors BRSC. *See Reilly's Wholesale Produce*, 73 Fed. Cl. at 716. BRSC is currently providing the services required by the Solicitation, and could continue to do so. The awardee bid on the contract fully aware that it was not the incumbent, and that a potential protest could delay performance. As this Court has stated, "the costs and inconvenience associated with the delay in transition caused by the issuance of a preliminary injuction in this case are typical of the costs and inconveniences that face almost every new contractor seeking to unseat an incumbent contractor, and do not outweigh the imminent harm to plaintiff." *University Research Co.*, 65 Fed. Cl. at 514. These facts demonstrate that this balancing favors BRSC.

4. Granting injunctive relief serves the public interest.

The public interest is served if the integrity of the procurement process is upheld. *University Research Co.*, 65 Fed. Cl. at 514-15 (stating "the public's interest in the integrity of the procurement process outweighs the public's interest in the timely completion of the government procurement process"). *See also Reilly's Wholesale Produce*, 73 Fed. Cl. at 717. Further, the public interest is embodied in the very statutory and regulatory provisions implicated

by BRSC's Complaint. *See ES-KO v. United States*, 44 Fed. Cl. at 436. Here, the Agency's refusal to comply with FAR 15.506 and withholding of the mandatory debriefing for more than forty-one days, even after being advised of the consequences of continued delay, suggests a deliberate disregard for the integrity of the procurement process. Further, it suggests an attempt to reduce BRSC's opportunity for obtaining an effective automatic CICA stay. This is significant. *See Designers and Planners, Inc.*, B-221385, 86-1 CPD P 463, 1986 WL 63513 (Comp. Gen. May 15, 1986); *GTT Industries*, B-220824, 85-2 CPD P 527, 1985 WL 53538 (Comp. Gen. Nov. 5, 1985). Accordingly, this Court should conclude that the requested injunctive relief serves the public interest.

## III. CONCLUSION

Therefore, this Court should grant a temporary restraining order suspending performance of the contract awarded under the Solicitation until a preliminary injunction hearing can be held and restraining continued withholding of the debriefing letter and should thereafter issue a preliminary injunction.

Respectfully submitted,

Gerard E. Wimberly, Jr. by DTP

Gerard E. Wimberly, Jr.
McGlinchey Stafford, PLLC
643 Magazine Street
New Orleans, Louisiana 70130
Telephone: 504-586-1200
Facsimile: 504-596-2800

ATTORNEY-IN-CHARGE FOR PLAINTIFF,
BURNS AND ROE SERVICES CORPORATION

OF COUNSEL:

McGLINCHEY STAFFORD, PLLC

Daniel T. Plunkett
Louisiana Bar No. 21822
643 Magazine Street
New Orleans, Louisiana 70130
Telephone: 504-586-1200
Facsimile: 504-596-2800

Stephanie G. John
Texas Bar No. 24034506
Federal I.D. 30000
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: 713-520-1900
Facsimile: 713-520-1025

**UNITED STATES COURT OF FEDERAL CLAIMS**

**BID PROTEST**

| | | |
|---|---|---|
| **BURNS AND ROE SERVICES CORPORATION** **Plaintiff** | § § § | |
| **VERSUS** | § § § | |
| **UNITED STATES OF AMERICA** **Defendant** | § § § | |

**ORDER ON**
**APPLICATION FOR PRELIMINARY INJUNCTION**

This matter came before the Court on Plaintiff Burns and Roe Services Corporation's application for preliminary injunction against Defendant United States of America. The Court having considered the pleadings, evidence, and arguments of the parties presented at a hearing held on November__________, 2007, this Court has the following preliminary findings and opinion:

1. There is credible evidence that the Agency has violated FAR 15.506 by not providing the mandatory debriefing for more than forty-one days after it was requested;

2. There is credible evidence that the Agency's refusal to provide the mandatory debriefing under these circumstances is arbitrary and capricious, an abuse of discretion or otherwise not in accordance with law; and

3. There is credible evidence that irreparable harm would likely be suffered by BRSC if the Agency persists in violating FAR 15.506, because the harm of such conduct could not be undone by an award of monetary damages and there is no adequate remedy at law.

Upon BRSC's filing of a good and sufficient bond with the Clerk of this Court in the amount of $____ and with the understanding that BRSC will abide by the decision made in this cause and will pay all sums of money and costs that may be adjudged against it if this injunction is dissolved in whole or in part, it is, therefore,

ORDERED that Defendant the United States of America, through the Bureau of Reclamation, Yuma Area Office, and those persons in active concert with it who receive actual notice of this order by personal service or otherwise, are enjoined and restrained from:

1. commencing or continuing performance of the contract awarded under Solicitation 06SP340020 until the sixth day following the debriefing, to permit BRSC, if it chooses to file a GAO protest, to have the advantage of the automatic stay under 31 U.S.C. § 3553(d)(3)(A), (4)(B), and 48 C.F.R. § 33.104(c)(1);

2. continuing to refuse to provide a debriefing in violation of FAR 15.506; and

3. withholding the requested debriefing letter for more than forty-eight hours after the date of entry of this preliminary injunction.

SIGNED at Washington, D.C. this ___ day of November, 2007.

PRESIDING JUDGE
UNITED STATES COURT OF FEDERAL CLAIMS

# UNITED STATES COURT OF FEDERAL CLAIMS

## BID PROTEST

| | | |
|---|---|---|
| **BURNS AND ROE SERVICES CORPORATION** **Plaintiff** | § § § | |
| **VERSUS** | § § § | |
| **UNITED STATES OF AMERICA** **Defendant** | § § § | |

## ORDER ON APPLICATION FOR TEMPORARY RESTRAINING ORDER

This matter came before the Court on Plaintiff Burns and Roe Services Corporation's application for temporary restraining order against Defendant United States of America on November __, 2007.

Plaintiff BRSC attempted to give Defendant notice of BRSC's Application for the entry of a Temporary Restraining Order, and Defendant [appeared/did not appear] at the hearing. Nevertheless, notice was not required because of the likelihood that BRSC will suffer immediate and irreparable injury if a temporary restraining order is not granted *ex parte*. Such an *ex parte* order will maintain the *status quo* preceding the dispute without significant harm to Defendant

The Court having considered the pleadings and evidence presented at a hearing held on November__________, 2007, this Court has the following preliminary findings and opinion:

1. There is credible evidence that the Agency has violated FAR 15.506 by not providing the mandatory debriefing for more than forty-one days after it was requested;

2. There is credible evidence that the Agency's refusal to provide the mandatory debriefing under these circumstances is arbitrary and capricious, an abuse of discretion or otherwise not in accordance with law; and

3. There is credible evidence that irreparable harm would likely be suffered by BRSC if the Agency persists in violating FAR 15.506, because the harm of such

conduct could not be undone by an award of monetary damages and there is no adequate remedy at law.

Upon BRSC's filing of a good and sufficient bond with the Clerk of this Court in the amount of $____ and with the understanding that BRSC will abide by the decision made in this cause and will pay all sums of money and costs that may be adjudged against it if this restraining order is dissolved in whole or in part, it is, therefore,

ORDERED that Defendant the United States of America, through the Bureau of Reclamation, Yuma Area Office, and those persons in active concert with it who receive actual notice of this order by personal service or otherwise, are enjoined and restrained from:

1. commencing or continuing performance of the contract awarded under Solicitation 06SP340020 until a preliminary injunction hearing can be held;
2. continuing to refuse to provide a debriefing in violation of FAR 15.506; and
3. withholding the requested debriefing letter for more than forty-eight hours after the date of entry of this temporary restraining order.

ORDERED that the Defendant shall appear in the courtroom of the United States Court of Federal Claims, Room ____, on _______________, 2007 at _____ o'clock __.m. then and there to show cause, if any they have, why a preliminary injunction as sought by Plaintiff BRSC should not be entered in this case.

This order expires ten business days from today at _____ o'clock __.m.

SIGNED at Washington, D.C. this ___ day of November, 2007 at _____ o'clock __.m.

PRESIDING JUDGE
UNITED STATES COURT OF FEDERAL CLAIMS